```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    EASTERN DIVISION
```

**UNITED STATES OF AMERICA**

VS.                              CRIMINAL NO. 4:96-cr-13-WHB
                            CIVIL ACTION NO. 4:09-cv-75-WHB

**FARIKAS THOMPSON**

<u>**ORDER**</u>

This cause is before the Court on Defendant, Farikas Thompson's, Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody.[1]  In his Motion, Thompson does not challenge his federal conviction or the sentence he received as to that conviction.  Instead, Thompson challenges the manner in which his sentence is being executed. Specifically, Thompson argues that his federal sentence and state sentence should have run concurrently and, therefore, that he has already served his federal sentence while in the custody of the State of Mississippi.

After reviewing the pleadings, the Court finds that because Thompson is challenging the manner in which his sentence is being executed, his present motion should be construed as a petition for habeas corpus relief under 28 U.S.C. § 2241.  <u>See</u> e.g. <u>Padilla v.</u>

---

[1] As Thompson is proceeding *pro se*, the allegations in his pleadings have been liberally construed. <u>See</u> <u>United States v. Wilkes</u>, 20 F.3d 651, 653 (5th Cir. 1994).

United States, 416 F.3d 424, 426 (5th Cir. 2005)(instructing that Section 28 U.S.C. § 2241 "is the proper procedural vehicle in which to raise an attack on 'the manner in which a sentence is executed.'"); Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000)("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration."). As Thompson is currently incarcerated in the Southern District of Mississippi, Eastern Division, the Clerk of Court will be directed to re-file Thompson's current motion as petition seeking relief under 28 U.S.C. § 2241.[2]

Accordingly:

IT IS THEREFORE ORDERED that the Clerk of Court is to dismiss Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 22 in Criminal No. 4:96-cr-13], without prejudice, and close the corresponding civil case.

IT IS FURTHER ORDERED that the Clerk of Court is directed to file Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, and the Memorandum Brief in support of that Motion [Criminal No. 4:96-cr-13

---

[2] The Court offers no opinion as to whether Thompson's claims have merit, or whether he is entitled to any relief whatsoever. This Order is entered for the limited purpose of having Thompson's motion re-filed pursuant to the correct statute.

Docket Nos. 22 and 23] as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.

IT IS FURTHER ORDERED that the Clerk of Court is directed to file a copy of this Order in the 28 U.S.C. § 2241 proceeding.

SO ORDERED this the 23rd day of June, 2009.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT COURT